UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KENDALL M. REED, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CAUSE NO. 3:17-CV-767-RLM-MGG |
| WARDEN, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Kendall M. Reed, a prisoner without a lawyer, filed a petition under 28 U.S.C. § 2254 challenging his prison disciplinary case MCF 17-6-574. The Warden filed a motion to dismiss Mr. Reed's petition on May 11, 2018. Mr. Reed didn't respond to the motion and the time to do so has passed. *See* N.D. Ind. L. Cr. R. 47-2.

On July 12, 2017, a disciplinary hearing officer found Mr. Reed guilty of Possession or Use of a Controlled Substance in violation of B-202. Mr. Reed was sanctioned with the loss of 30 days earned credit time and demoted from Credit Class 1 to Credit Class 2, but the demotion in credit class was suspended. The Indiana Department of Correction reconsidered Mr. Reed's case on May 3, 2018, reduced the charge against him to a C-305 offense for the Use/Possession of Tobacco, and vacated all grievous sanctions that had been previously imposed. The Warden has now moved to dismiss Mr. Reed's petition on the basis that he

didn't suffer any grievous loss that would impact the length of his sentence and so isn't entitled to habeas corpus relief. ECF 12 at 2-4.

A prison disciplinary hearing can only be challenged in a habeas corpus proceeding when it resulted in the lengthening of the duration of confinement. Hadley v. Holmes, 341 F.3d 661, 664 (7th Cir. 2003). Because the disciplinary action hasn't resulted in the lengthening of the duration of Mr. Reed's confinement, habeas corpus relief is unavailable. The petition must be denied because there is no relief that Mr. Reed can obtain in this habeas corpus proceeding.

For these reasons, the Warden's motion to dismiss (ECF 13) is GRANTED and Reed's petition (ECF 1) is DENIED. The Clerk is directed to CLOSE the case.

SO ORDERED on June 12, 2018

　/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT